Case 7:24-cv-00026 Document 26 Filed on 10/11/24 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Eugenio Andrade, *Plaintiff* | § § § § | |
| v. | § | Civil Action 7:24-CV-00026 |
| State Farm Lloyds, *Defendant.* | § § § § | |

## MEMORANDUM AND ORDER

The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). ECF No. 12. Pending before the court is Defendant State Farm Lloyds's (State Farm) Motion to Compel Appraisal and Motion to Abate, ECF Nos. 13, 15, and Plaintiff Eugenio Andrade's Motion to Amend, ECF No. 20. The Motion to Compel Appraisal and Motion to Abate are **GRANTED**. The Motion to Amend is **DENIED**.

### 1. *Facts and Procedural History*

On April 28, 2023, a hailstorm damaged the roof, windows, and fence of Andrade's house in McAllen, Texas. ECF No. 17-1. Andrade reported the loss to State Farm, his insurance provider, the following day. *Id.* In his initial communications with State Farm, Andrade reported only the exterior damages to his house. *Id*; *see also* ECF No. 18-1 at 2. But the storm also caused damages to the interior of Andrade's house when the water penetrated the roof and damaged the drywall. ECF No. 17-2 at 5.

On May 10, 2023, State Farm sent an adjuster to inspect Andrade's house. ECF No. 17-3 at 3. The adjuster inspected the exterior of the house. *Id.* at 7-10. The adjuster did not inspect the

interior of the house and thus did not observe the damages inside. *Id.* The adjuster found covered damages totaling $14,254.69 at replacement cost value for the roof, windows, and fence. *Id.* at 10. Andrade procured on his own the services of an inspector from Lansdown Loss Management. ECF No. 15 at 13. Andrade's inspector conducted his inspection on September 27, 2023, and estimated the replacement cost value for covered damages to be $36,948.70. *Id.* The Lansdown estimate included $4,796.74 for interior damages. ECF No. 17-2 at 6. Andrade made a demand to State Farm for the additional damages which State Farm refused to pay. ECF No. 18; ECF No. 18-2.

Following the disagreement about the amount of the loss, on January 30, 2024, Andrade sued State Farm in this court. ECF No. 1. He alleged that State Farm acted in bad faith, breached the insurance contract, engaged in fraud, engaged in deceptive insurance practices in violation of the Texas Insurance Code, and failed to make prompt payment in violation of the Texas Prompt Payment of Claims Act. ECF No. 1 at 15-25.

On June 4, 2024, while litigation in this case proceeded, State Farm sent a letter to Andrade demanding appraisal. ECF No. 15-3. The appraisal provision of the insurance policy allows either State Farm or the insured to demand appraisal to determine the amount of loss in the event of disagreement. ECF No. 15-3. The relevant requirements of the appraisal provision are as follows:

> **SECTION I – CONDITIONS**
>
> 4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.
>    a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.
>    b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.
>
>    The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*.

2

ECF No. 15-3.

On June 11, 2024, State Farm moved to abate this litigation pending the outcome of appraisal. ECF No. 13. State Farm argues that abatement would be efficient and would allow the appraisal process to narrow, if not resolve, all relevant claims without the need for litigation. *Id.* at 3. Following Andrade's refusal to participate in appraisal, on July 3, 2024, State Farm moved to compel Andrade to participate in the appraisal process. ECF No. 15. Andrade has responded to both motions. He argues that abatement is improper because he has raised extracontractual claims that are not governed by the appraisal process. ECF No. 14 at 2-3. He also argues that he should not be compelled to participate in appraisal because there is no good faith disagreement about the amount of loss. ECF No. 17 at 3-6. Andrade believes there is no good faith disagreement about the amount of loss because State Farm did not conduct a good faith investigation of his claim. *Id.* Andrade then moved, after the deadline for amendments had elapsed, for leave to file an amended complaint to add a cause of action for breach of the appraisal clause. ECF No. 20.

On June 24, 2024, State Farm again wrote to Andrade informing him that his time to select an appraiser had elapsed. ECF No. 15-4 at 2. Andrade has to this day not selected an appraiser.

### 2. *Motion To Compel Appraisal*

A party to an insurance contract with an appraisal clause may compel the other party to submit to the appraisal process. *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195-96 (Tex. 2002). Appraisal clauses are common provisions in insurance contracts that spell out how the parties resolve disputes about a property's value or the amount of a covered loss. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). In Texas,

appraisals are limited to determining the amount of loss and not which party is liable for the loss. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889-90 (Tex. 2009). Appraisal clauses are generally enforced and are favored because they help the insured and insurer resolve disputes without resorting to litigation. *Meadows v. Allied Prop. & Cas. Ins. Co.*, No. 1:19-CV-2-H, 2020 WL 6122543, at *1 (N.D. Tex. Jan. 7, 2020). A trial court does not have the discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888.

Appraisal is appropriate here. The critical condition in the appraisal provision, concerning whether the parties disagree about the amount of loss, has been met. ECF No. 15-3. State Farm's estimate is that the replacement cost value for covered damages is $14,254.69. ECF No. 17-3 at 10. Andrade's estimate is that the replacement cost value for covered damages is $36,948.70. ECF No. 15 at 13. While Andrade's estimate includes $4,796.74 for interior damages, ECF No. 17-2 at 6, Andrade and State Farm still disagree about the cost to replace or repair Andrade's roof, windows, and fence. ECF No. 23 at 1. The amount of loss is therefore in dispute. Thus, appraisal should "go forward without preemptive [court] intervention." *Johnson*, 290 S.W.3d at 895.

Andrade argues that a "good faith disagreement" about the amount of loss is a condition precedent to invoking appraisal. ECF No. 17 at 5. He maintains that there has not been a good faith disagreement because State Farm failed to conduct a good faith investigation of his claim. *Id.* The court need not determine whether a disagreement over the amount of loss is in good faith before enforcing an appraisal provision. *See Butler v. Property and Cas. Ins. Co. of Hartford*, No. H-10-3613, 2011 WL 2174965, at *1-2 (S.D. Tex. June 3, 2011) (holding that the court did not need to determine the adequacy of the insurer's investigation before compelling the parties to complete appraisal process); *see also*

4

*Adami v. Safeco Ins. Co. of Indiana*, No. 4:17-CV-574, 2018 WL 501093, at *3 (E.D. Tex. Jan. 22, 2018) (holding that the plain language of the contract governed and that a good faith investigation or disagreement were not conditions precedent to invoking the appraisal provision). Here the appraisal provision is unambiguous. Invocation of appraisal requires only a disagreement about the amount of loss, ECF No. 15-3, and it includes no conditional language about "a good faith disagreement based on a good faith investigation before seeking appraisal." *Adami*, 2018 WL 501093, at 3.

In any event, the court does not find any evidence that State Farm invoked appraisal in bad faith. It is undisputed that Andrade did not initially notify the adjuster about the damages to the interior of his house. ECF No. 18-1 at 2. It is also undisputed that Andrade withheld his expert's report until litigation was well underway. ECF No. 18 at 1. State Farm invoked appraisal soon after receiving documents of Andrade's position on the quantum of damages. ECF No. 15-3.

State Farm's motion to compel appraisal is **GRANTED.**

### *3. Motion To Abate Litigation*

This court has discretion whether to abate these proceedings pending appraisal. *Carter v. Underwriters at Lloyd's, London*, No. 7:17-CV-00127-O, 2018 W 10483854, at *2-3 (N.D. Tex. July 27, 2018). The relevant question is whether abatement will "aid judicial efficiency and economy." *Debesingh v. Geovera Specialty Ins. Co.*, No. 4:18-CV-02316, 2018 WL 4810629, at *3 (S.D. Tex. Oct. 4, 2018). The "majority of Texas courts have held that when a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the entire case be abated pending appraisal." *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015). This is so because the payment of an appraisal award

5

could dispose of both contractual and extracontractual claims; even if not, appraisal could focus the parties on the specific issues that need to be litigated. *Debesingh*, 2018 WL 4810629, at *3.

Abatement is appropriate here. The goal of the appraisal process is to reduce the need for court intervention and allow the parties to determine if any issues remain for the court to resolve. *Meadows*, 2020 WL 6122543, at *1. Abatement in this case would further that aim in that it will allow State Farm and Andrade to determine the amount of loss and narrow the issues the court will need to address in subsequent litigation, if any. Since the promotion of judicial economy is largely the determining factor in deciding whether to grant a motion to abate, and that goal would be furthered here, State Farm's motion to abate is **GRANTED**.

### *4. Motion To Amend Complaint*

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahin v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.*; Fed. R. Civ. P. 16(b)(4). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Id. (quoting *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). A party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply[.]" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Courts consider four factors in determining good cause under Rule 16: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Southwestern*, 346 F.3d at 546).

The court will assume, without deciding, that Andrade has shown good cause for not meeting the deadline. Even assuming there was good cause, Andrade would still need to satisfy Rule 15(a). Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). A valid justification may include that the proposed amendment would be futile. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing cases). The analysis requires courts to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting cases).

The proposed amendment here would be futile. Andrade has moved to amend his complaint to add a cause of action for breach of the contract's appraisal clause. ECF No. 20 at 1. He alleges that State Farm's intentional violation of its investigative and claim handling procedures violated the "good faith disagreement" condition for invoking the appraisal procedure. ECF No. 20-1 at 17. But no relief could be provided for this claim. As discussed, Texas courts have found that a good faith disagreement is not a requirement for invoking the appraisal provision. *See, e.g., Adami*, 2018 WL 501093, at 3. There is no indication that State Farm invoked the appraisal provision in bad faith. Moreover, what matters is the plain language of the provision. *Id.* The language of the appraisal provision provides that either party can demand appraisal if there is a disagreement about the amount of the covered loss. ECF No. 15-3. The court does not see how Andrade

7

could maintain a breach of contract action grounded upon State Farm doing exactly what the insurance contract permits it to do. Andrade's motion for leave to amend his complaint is therefore **DENIED**.

### 5. *Conclusion*

The court orders that the Motion to Compel Appraisal and Motion to Abate be **GRANTED**. The court ORDERS that the Motion to Amend be **DENIED**.

Signed at Houston, Texas on October 11, 2024.

_____
Peter Bray
United States Magistrate Judge